IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1:10-CV-00686 |
| Plaintiff, | |
| v. | COMPLAINT |
| THOMASVILLE CITY SCHOOLS, | JURY TRIAL DEMAND |
| Defendant. | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 et seq., to correct unlawful employment practices on the basis of age and to provide appropriate relief to Arlene Lent ("Lent") who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that the defendant Thomasville City Schools ("Defendant") failed to select Lent, then age 54, for two assistant principal positions and instead of hiring Lent, Defendant hired two younger, less qualified candidates because of Lent's age.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

1

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a local government operating in the State of North Carolina and the City of Thomasville, and has continuously had at least twenty employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Arlene Lent filed a charge with the Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. From around May 2007 until around February 2008, Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by denying Lent employment in the two assistant principal positions because of her age, 54. Specifically, Lent is a member of the protected class in that she is over the age of 40; Defendant had two open positions of assistant principal for which Lent applied and was qualified; Lent was rejected despite her qualifications; and Defendant hired two less-qualified applicants, who at ages 39 and 35, were substantially younger than Lent. Further, but for Lent's age, she would have been hired in the positions.

9. The minimum qualifications for the assistant principal position at Defendant's schools are a Master's degree in Education Administration, and three to five years of classroom teaching experience. Also all persons employed as assistant principals are required to hold or be qualified to hold a principal's license or a provisional principal's license.

10. Lent has a Master's degree in Education Administration, a Master's degree in Business and Policy Studies, and a North Carolina principal's license. At the time of Lent's non-selection, she had 16 years of experience in education. Lent had six years of classroom teaching experience, which is more than the requisite three to five years required for the assistant principal position. Further, for an entire school year, Lent worked as an administrative intern with Defendant where she assisted with administrative duties, supervised 35 teachers as well as support personnel and over 500 students. She also served as the chief disciplinarian.

11.     In May 2007, Lent applied for the position of assistant principal at Defendant's Liberty Drive Elementary School ("Liberty Drive"). On or about July 23, 2007, Defendant engaged in unlawful employment practices at its Liberty Drive school in Thomasville, North Carolina in violation of the ADEA, 29 U.S.C. § 623 when Defendant selected a younger, less qualified applicant, Benjie Brown ("Brown"), aged 39, for the assistant principal position for Liberty Drive. At the time of application for the assistant principal position and the date the decision was made to hire Brown, Brown did not satisfy the minimum qualifications for the position because he did not have a Master's degree or a North Carolina principal's license. Also, Brown had worked in education for two years less than Lent. Lent met the minimum qualifications and was significantly more qualified than Brown.

12.     On or about August 18, 2007, Defendant engaged in unlawful employment practices at its Liberty Drive school in Thomasville, North Carolina in violation of the ADEA, 29 U.S.C. § 623 when it informed Lent that Brown was selected as the Liberty Drive assistant principal through the campus school newspaper. Prior to learning about Brown's selection on August 18, 2007 through the campus newspaper, Defendant did not notify Lent via face-to-face communication, letter, e-mail, or telephone call that she had not been selected for the assistant principal position.

13.     In or around the fall of 2007, Lent applied for the position of assistant principal at Defendant's Thomasville Middle School ("Middle School"). Defendant engaged in unlawful employment practices at its Middle School in Thomasville, North Carolina in violation of the ADEA, 29 U.S.C. § 623 when on or about January 15, 2008, Defendant selected a younger, less qualified applicant, Matthew Pugh ("Pugh"), aged 35, for the assistant principal position for the Middle School. At the time of application for the assistant principal position and the date the

decision was made to hire Pugh, Pugh did not satisfy the minimum qualifications for the position because he did not have a Master's degree or a North Carolina principal's license. Pugh had worked in education for four years less than Lent. Lent met the minimum qualifications and was significantly more qualified than Pugh.

14. The effect of the practices complained of in paragraphs 8 through 13 above have been to deprive Lent of equal employment opportunities and otherwise adversely affect her employment status because of her age.

15. The unlawful employment practices complained of in paragraphs 8 through 13 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them, from making selection decisions based on age, from discriminating against employees age 40 and over, and from any other employment practice which discriminates on the basis of age against individuals 40 years of age or older.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Arlene Lent, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant to make Arlene Lent, who was adversely affected by the unlawful employment practices described above whole, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to, rightful place hiring and/or front pay.

E. Grant such further relief as the court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 9th day of September, 2010.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

/s/ Stephanie M. Jones
STEPHANIE M. JONES
GA Bar No. 403598
Trial Attorney

Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, North Carolina
Telephone:	704.954.6471
Facsimile:	704.954.6412
Stephanie.jones@eeoc.gov

ATTORNEYS FOR PLAINTIFF