IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
OCT 13 2011
IN THIS OFFICE
Clerk U.S. District Court

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | CONSENT DECREE |
| v. | ) ) | CIVIL ACTION NO. 1:10 CV 00686 |
| THOMASVILLE CITY BOARD OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1983, (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217. The Commission's complaint alleged that the Thomasville City Board of Education ("Board"), from around May 2007 until around February 2008, engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623. Specifically, the Commission alleges that the Board failed to select Arlene Lent ("Lent"), then age 54, for an assistant principal position, because of Lent's age.

The Board answered the Commission's Complaint, denying that it engaged in any unlawful employment practices and denying all allegations of wrongdoing related to Ms. Lent's charge. Likewise, the Commission does not in any way imply or suggest that the Board was in compliance with the law with respect to its dealings with Ms. Lent as alleged in this action. This Consent Decree is not an adjudication or finding on the merits of the case. The parties have

advised this Court that they desire to resolve the allegations in the Complaint to avoid the burden, expense, and delay of further contested litigation, including possible appeals.

The Commission and the Board hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

It is therefore the finding of this Court, made on the pleadings, record, and stipulations of the parties that: (1) the Court has jurisdiction over the parties and the subject matter of this action; and (2) the purpose and provisions of the ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

In consideration of the mutual promises of each party to this Consent Decree, the sufficiency of which is hereby acknowledged, it is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      The Board shall comply with the ADEA in all promotion, hiring and other covered employment practices.

2.      This Consent Decree fully and completely resolves all issues raised by EEOC Charge Number 435-2008-00456 and constitutes a complete resolution of all claims raised in the EEOC Complaint, as amended, brought in Civil Action No. 1:10 cv 00686 in the U.S. District Court for the Middle District of North Carolina. Both parties acknowledge that such action was brought by the Commission to enforce the rights of and on behalf of Arlene Lent. The Commission hereby releases the Board with respect to any and all such claims. Nothing in this Consent Decree should be construed to preclude the Commission's right to process, in accordance with its authority and procedures, any other pending or future charges filed against the Board under the ADEA.

2

3. The Board shall pay Arlene Lent the sum of Twenty-Five Thousand ($25,000.00) in settlement of the claims raised in this action (the "Settlement Payment"). The Settlement Payment shall be treated as wages for tax purposes and accordingly shall be subject to applicable state, federal, FICA and other applicable withholding requirements. The Board shall make the Settlement Payment by issuing a check payable to Arlene Lent. Payment shall be made within fifteen (15) business days after the Court approves this Consent Decree, and the Board shall mail the check to Arlene Lent at an address provided by the Commission. Within ten (10) days after the check has been sent, the Board shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202, a copy of the check and proof of its delivery to Arlene Lent.

4. Within ten (10) business days of the entry of this Consent Decree by the Court, the Board shall eliminate from the employment records of Arlene Lent any and all documents, entries, or references related to the filing of EEOC Charge Number 435-2008-00456 and the related events that occurred thereafter, including the investigation of the charge and the filing and prosecution of this lawsuit. Within fifteen (15) days of the entry of this Consent Decree by the Court, the Board shall report compliance with this provision to the Commission.

5. The Board shall make available online and shall distribute to each current employee the following Thomasville City Schools policies: <u>Prohibition Against Discrimination and Harassment, Policy Code: 1710/4021/7230</u>, and <u>Discrimination, Harassment and Bullying Complaint Procedure, Policy Code 1720/4015/7225</u>, attached hereto as Exhibit "B," within thirty (30) calendar days from the first day of the 2011-

3

2012 school year. Within forty (40) calendar days from the first day of the 2011-2012 school year, the Board shall report compliance to the Commission. During the term of this Consent Decree, the Board shall distribute the aforementioned policy to all new employees and review the policy with them at the time of hire.

6.      During the term of this Consent Decree, the Board shall post a copy of the policies described in paragraph 5, *supra*, in each of the Thomasville City Schools in a place where it is visible to employees. If any policy becomes defaced or unreadable, the Board shall replace it by posting another copy of that policy. Within forty (40) calendar days after the Consent Decree is entered, the Board will post the policies and notify the Commission that they have been posted.

7.      Within one hundred (100) calendar days of the entry of the Consent Decree, the Board shall provide an initial training program to all of the administrators, teachers, and staff employed in the Thomasville City Schools responsible for or who are designated to participate in hiring decisions. Thereafter, during the term of this Consent Decree, the Board shall provide annual training to all persons responsible for or who are designated to participate in hiring decisions. Each training program shall include an explanation of the requirements of the ADEA. Each training program shall also include an explanation of the policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and administrators under the policy. The Board shall ensure that each person responsible for or designated to participate in a hiring decision has received training prior to the individual participating in such hiring decision.

4

The first training program shall be completed within one hundred (100) calendar days of the entry of the Consent Decree. Each subsequent training program shall be conducted as necessary to comply with the requirements of this provision. The training may be developed by and conducted by the Thomasville City Schools or designee of the Board's choice. At least fifteen (15) business days prior to each program, the Board shall provide the Commission with an agenda for the training program. Within ten (10) business days after completion of each training program, the Board shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8.      Beginning within thirty (30) calendar days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, the Board shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in each Thomasville City Schools facility in a place where it is visible to employees of the facility. If any Notice becomes defaced or unreadable, the Board shall replace it by posting another copy of the Notice. Within forty (40) calendar days after entry of this Consent Decree, the Board shall notify the Commission that the Notice has been posted pursuant to this provision.

9.      During the term of this Consent Decree, the Board shall provide the Commission with reports at six (6) month intervals, with the first report being due four (4) months after the entry of this Consent Decree. The reports will include the following information:

A.      For each vacancy for the position of Assistant Principal or Principal, including newly created positions, that the Board filled within the reporting period, provide the following:

1      The school where the position was located;

5

2      The position;

3      The date the position was filled;

4      The full name and, date of birth of the individual hired for the position;

5      The full name and job title of each employee of the Board and/or of Thomasville City Schools who took part in the hiring decision.

B.      For each position identified in response to 9.A above, the identity of each person who completed an application, including by way of identification the following, if provided by applicant on the application or otherwise known to the Board:

1      Full name;

2      Date of birth;

3      Last known address and telephone number;

4      Date of application; and

5      Whether an offer of employment was made.

C.      For each person identified in response to 9.B above, provide the following:

1.      Copies of all applications;

2.      Copies of any and all documents that refer or relate to any applicant in the context of the application process, including but not limited to, any and all forms and notes taken during and after the interviews by all members of the interviewing and/or hiring panel;

3.      Copies of any and all documents that refer or relate to any applicant or the consideration of any applicant for the position in the context of the application process;

4.      Copies of any and all correspondence between members of the interviewing and/or hiring panel related to any applicant in the context of the application process.

During the term of the Consent Decree, the Board shall maintain all records identified in Paragraph 9 above that are created in the normal course of business. This provision shall not require the Board to create any written records that would not otherwise exist in the normal course of business.

6

In the event there is no activity to report pursuant to Paragraph 9, the Board shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Consent Decree. During the term of the Consent Decree, as part of such review, the Commission may, after providing five (5) business days' notice, interview employees and examine and copy documents and records. Notice shall be provided by sending a facsimile to the Superintendent and receipt thereof at (336) 475-0356. As further part of such review, the Commission may inspect the Thomasville City Schools' facilities, without notice, for compliance with the posting provision as set forth in paragraph 8. When a Commission representative arrives at a Thomasville City Schools' facility, the Commission representative will proceed to the school office, show his or her Federal government identification, and be directed to or accompanied by a school representative to the location of the Employee Notice.

11. If anytime during the term of this Consent Decree, the Commission believes that the Board is in violation of the Consent Decree, the Commission shall give written notice of the alleged violation to the Board. The Board shall have twenty (20) calendar days in which to respond to the allegations. Thereafter, the parties shall then have a period of fifteen (15) calendar days or such additional period as may be agreed upon by them, in which to attempt to resolve such alleged violation before the Commission exercises any remedy provided by law. Either party may petition the Court for appropriate relief pursuant to this Consent Decree.

7

12.   The term of this Consent Decree shall be for three (3) years from its entry by the Court.

13.   All reports or other documents sent to the Commission by the Board pursuant to this Decree shall be sent to: (1) if by mail - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202. or (2) if by email – EEOC at <u>EEOC-CTDO-DECREE-MONITORING@EEOC.GOV</u>.   Except as provided in Paragraph 10 above, all notices or other correspondence sent to the Board by the Commission pursuant to this Consent Decree shall be sent to:  Superintendent, Thomasville City Schools, 400 Turner Street, Thomasville, N.C. 27360.

14.   Each party shall bear its own costs and attorney's fees.

15.   This Court shall retain jurisdiction of this case for a period of three (3) years from the date of entry of this Consent Decree for purposes of monitoring compliance with this Consent Decree and entry of such further orders as the Court may deem necessary or appropriate.

10/12/2011
Date

Senior United States District Judge

8

The parties jointly request that the Court approve and enter the Consent Decree:

This the 8th day of September, 2011.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
N.C. Bar No. 19732
Regional Attorney

KARA GIBBON HADEN
N.C. Bar No. 26192
Supervisory Trial Attorney

/s/ Stephanie M. Jones
STEPHANIE M. JONES
Ga. Bar No. 403598
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone:      704-954-6471
Facsimile:  704-954-6412
Email:  Stephanie.jones@eeoc.gov

ATTORNEYS FOR PLAINTIFF

9

THOMASVILLE CITY BOARD OF EDUCATION, Defendant

/s/ Deborah R. Stagner
DEBORAH R. STAGNER
N.C. Bar No. 24543

/s/ Daniel W. Clark
DANIEL W. CLARK
N.C. Bar No. 15804
THARRINGTON SMITH, L.L.P.
209 Fayetteville Street
Post Office Box 1151
Raleigh, NC 27602-1151
Telephone: 919-821-4711
Fax: 919-546-0489
Email: dstagner@tharringtonsmith.com
       dclark@tharringtonsmith.com

ATTORNEYS FOR DEFENDANT

## ATTACHMENTS

A:     **Employee Notice**

B:     **Prohibition Against Discrimination and
Harassment, Policy Code: 1710/4021/7230
Discrimination, Harassment and Bullying
Complaint Procedure, Policy Code:
1720/4015/7225**

11



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1.     This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission (EEOC) and Thomasville City Board of Education in a case of alleged discrimination on the basis of age, in violation of the Age Discrimination in Employment Act (ADEA), in allegedly failing to promote an applicant to an administrative position.   The Board of Education denies that it has discriminated in employment practices.  Likewise, the Commission does not in any way imply or suggest that the Board was in compliance with the law with respect to its dealings with the applicant as alleged in this action.  This settlement is to resolve a dispute.

2.     Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability (including association with an individual with a disability). Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.     Thomasville City Board of Education will comply with such federal laws in all respects. Furthermore, Thomasville City Board of Education will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. In addition to the Discrimination Complaint Procedures established by Thomasville City Board of Education Policy 1720/4015/7225, an employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: _____, _____

**EXHIBIT A**

# PROHIBITION AGAINST DISCRIMINATION, HARASSMENT AND BULLYING - *Policy Code:* 1710/4021/7230

The board acknowledges the dignity and worth of all students and employees and strives to create a safe, orderly, caring and inviting school environment to facilitate student learning and achievement. The board will not tolerate any form of unlawful discrimination, harassment or bullying in any of its educational or employment activities.

## A. PROHIBITED BEHAVIORS AND CONSEQUENCES

1.  Discrimination, Harassment and Bullying

    Students, school system employees, volunteers and visitors are expected to behave in a civil and respectful manner. The board expressly prohibits unlawful discrimination, harassment and bullying.

    Students are expected to comply with the behavior standards established by board policy and the student code of conduct. Employees are expected to comply with board policy and school system regulations. Volunteers and visitors on school property also are expected to comply with board policy and established school rules and procedures.

    Any violation of this policy is serious, and school officials shall take appropriate action. Students will be disciplined in accordance with the school's student behavior management plan (see policy 4302, School Plan for Management of Student Behavior). Based on the nature and severity of the offense and the circumstances surrounding the incident, the student will be subject to appropriate consequences and remedial actions ranging from positive behavioral interventions up to, and including, expulsion.

    Employees who violate this policy will be subject to disciplinary action, up to, and including, dismissal. Volunteers and visitors who violate this policy will be directed to leave school property and/or reported to law enforcement, as appropriate, in accordance with policy 5020, Visitors to the Schools.

    When considering if a response beyond the individual level is appropriate, school administrators should consider the nature and severity of the misconduct to determine whether a classroom, school-wide or school system-wide response is necessary. Such classroom, school-wide or school system-wide responses may include staff training, harassment and bullying prevention programs and other measures deemed appropriate by the superintendent to address the behavior fully.

2. Retaliation

The board prohibits reprisal or retaliation against any person for reporting or intending to report violations of this policy, supporting someone for reporting or intending to report a violation of this policy or participating in the investigation of reported violations of this policy..

After consideration of the nature and circumstances of the reprisal or retaliation and in accordance with applicable federal, state or local laws, policies and regulations, the superintendent or designee shall determine the consequences and remedial action for a person found to have engaged in reprisal or retaliation.

## B. APPLICATION OF POLICY

This policy prohibits unlawful discrimination, harassment and bullying by students, employees, volunteers, and visitors. "Visitors" includes persons, agencies, vendors) contractors and organizations doing business with or performing services for the school system.

This policy applies:

1. While the individual is in any school building or on any school premises before, during or after school hours;

2. While the individual is on any bus or other vehicle as part of any school activity;

3. While the individual is waiting at any bus stop;

4. During any school-sponsored activity or extracurricular activity;

5. When the individual is subject to the authority of school personnel; and

6. at any time or place when the behavior has a direct and immediate effect on maintaining order and discipline in the schools.

## C. DEFINITIONS

For purposes of this policy, the following definitions apply:

1. Discrimination

Discrimination means any act or failure to act that unreasonably and unfavorably differentiates treatment of others based solely on their membership in a socially distinct group or category, such as race, ethnicity, sex, pregnancy, religion, age or disability. Discrimination may be intentional or unintentional.

2. Harassment and Bullying

    a. Harassment and bullying are any pattern of gestures or written, electronic or verbal communications, or any physical act or any threatening communication that:

        (1) places a student or school employee in actual and reasonable fear of harm to his or her person or damage to his or her property; or

        (2) creates or is certain to create a hostile environment by substantially interfering with or impairing a student's educational performance, opportunities or benefits.

"Hostile environment" means that the victim subjectively views the conduct as harassment or bullying and that the conduct is objectively severe or pervasive enough that a reasonable person would agree that it is harassment or bullying. A hostile environment may be created through pervasive or persistent misbehavior or a single incident, if sufficiently severe.

Harassment and bullying include, but are not limited to, acts as defined above that are reasonably perceived as being motivated by any actual or perceived differentiating characteristic or by association with a person who has or is perceived to have a differentiating characteristic, such as race, color, religion, ancestry, national origin, gender, socioeconomic status, academic status, gender identity, physical appearance, sexual orientation, or mental, physical, developmental or sensory disability. Examples of behavior that may constitute bullying or harassment include, but are not limited to, verbal taunts, name-calling and put-downs, epithets, derogatory comments or slurs, lewd propositions, exclusion from peer groups, extortion of money or possessions, implied or stated threats, assault, impeding or blocking movement, offensive touching or any physical interference with normal work or movement, and visual insults, such as derogatory posters or cartoons. Legitimate age-appropriate pedagogical techniques are not considered harassment or bullying.

It is possible for harassment, including sexual or gender-based harassment, to occur in various situations. For example, harassment may occur between fellow students or co-workers, between supervisors and subordinates, between employees and students, or between non- employees, including visitors, and employees or students. Harassment may occur between members of the opposite sex or the same sex.

    b. Sexual harassment is one type of harassment. Unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature constitute sexual harassment when:

(1) Submission to the conduct is made, either explicitly or implicitly, a term or condition of an individual' s employment, academic progress or completion of a school-related activity;

(2) Submission to or rejection of such conduct is used as the basis for employment decisions affecting the individual., or in the case of a student, submission to or rejection of such conduct is used in evaluating the student's performance within a course of study or other school-related activity; or

(3) Such conduct is sufficiently severe, persistent or pervasive that it has the purpose or effect of unreasonably interfering with an employee's work or performance or a student's educational performance, limiting a student's ability to participate in or benefit from an educational program or environment, or creating an abusive, intimidating, hostile or offensive work or educational environment.

Sexually harassing conduct includes, but is not limited to, deliberate, unwelcome touching that has sexual connotations or is of a sexual nature, suggestions or demands for sexual involvement accompanied by implied or overt promises of preferential treatment or threats, pressure for sexual activity, continued or repeated offensive sexual flirtations, advances or propositions, continued or repeated verbal remarks about an individual's body, sexually degrading words used toward an individual or to describe an individual, or the display of sexually suggestive drawings, objects, pictures or written materials. Acts of verbal, nonverbal or physical aggression, intimidation or hostility based on sex, but not involving sexual activity or language, may be combined with incidents of sexually harassing conduct to determine if the incidents of sexually harassing conduct are sufficiently serious to create a sexually hostile environment.

c. Gender-based harassment is also a type of harassment. Gender-based harassment may include acts of verbal, nonverbal or physical aggression, intimidation or hostility based on sex or sex-stereotyping but not involving conduct of a sexual nature.

## D. REPORTING COMPLAINTS OF DISCRIMINATION, HARASSMENT OR BULLYING

Employees are required to report any actual or suspected violations of this policy. All reports should be made in accordance with policy 1720/4015/7225, Discrimination, Harassment and Bullying Complaint Procedure, and reported to one of the school officials identified in that policy.

Students, parents, volunteers, visitors or others are also strongly encouraged to report any

actual or suspected incidents of discrimination, harassment or bullying.

## E. TRAINING AND PROGRAMS

The board directs the superintendent to establish training and other programs that are designed to help eliminate unlawful discrimination, harassment and bullying and to foster an environment of understanding and respect for all members of the school community. Information about this policy and the related complaint procedure must be included in the training plan.

As funds are available, the board will provide additional training for students, employees and volunteers who have significant contact with students regarding the board's efforts to address discrimination, harassment and bullying and will create programs to address these issues. The training or programs should (1) provide examples of behavior that constitutes discrimination, harassment or bullying; (2) teach employees to identify groups that may be the target of discrimination, harassment or bullying; and (3) train school employees to be alert to locations where such behavior may occur, including locations within school buildings, at school bus stops, and on cell phones and the Internet.

## F. NOTICE

The superintendent is responsible for providing effective notice to students, parents and employees of the procedures for reporting and investigating complaints of discrimination, harassment and bullying. This policy must be posted on the school system web site, and copies of the policy must be readily available in the principal's office, the media center at each school and the superintendent's office. Notice of this policy must appear in all student and employee handbooks and in any school system publication that sets forth the comprehensive rules, procedures and standards of conduct for students and employees.

## G. COORDINATORS

The superintendent or designee shall publish the names, office addresses and phone numbers of the "Title IX coordinator" (for sex discrimination), the "Section 504 coordinator" (for discrimination on the basis of disability) and the "ADA coordinator" (also for discrimination on the basis of disability) in a manner intended to ensure that students, employees, applicants, parents and other individuals who participate in the school system's programs are aware of the coordinators. The coordinators shall coordinate the school system's efforts to comply with and carry out its Title IX, Section 504 and ADA responsibilities, which include investigating any complaints communicated to school officials alleging noncompliance with Title IX, Section 504 or the ADA or alleging actions which would be prohibited by those laws.

## H. RECORDS AND REPORTING

The superintendent or designee shall maintain confidential l-ecords of complaints or

reports of discrimination, harassment or bullying. The records must identify the names of all individuals accused of such offenses and the resolution of such complaints or reports. The superintendent also shall maintain records of training conducted and corrective action or other steps taken by the school system to provide an environment free of discrimination, harassment and bullying.

The superintendent shall report to the State Board of Education all verified cases of discrimination, harassment or bullying. The report must be made through the Discipline Data Collection Report or through other means required by the State Board.

## I. EVALUATION

The superintendent shall evaluate the effectiveness of efforts to correct or prevent discrimination, harassment and bullying and shall share these evaluations periodically with the board.

Revised November13, 2009

**EXHIBIT B** --- Prohibition Against Discrimination and Harassment, Policy Code: 1710/4021/7230; Discrimination, Harassment and Bullying Complaint Procedure, Policy Code: 1720/4015/7225

# DISCRIMINATION, HARASSMENT AND BULLYING COMPLAINT PROCEDURE
*POLICY CODE:* **1720/4015/7225**

The board takes seriously all complaints of unlawful discrimination, harassment and bullying. The process provided in this policy is designed for those individuals who believe that they may have been discriminated against, bullied or harassed in violation of policy 1710/4021/17230, Prohibition Against Discrimination, Harassment and Bullying. [1]   Individuals who have witnessed or have reliable information that another person has been subject to unlawful discrimination, harassment or bullying also should report such violations to one of the school system officials listed in section E.1 of this policy. Reports may be made anonymously.

### A. INFORMAL RESOLUTION

The board acknowledges that many complaints may be addressed informally through such methods as conferences or mediation, and the board encourages the use of such procedures to the extent possible. If an informal process is used, the principal or other designated personnel must (1) notify the complainant that he or she has the option to request formal procedures at any time and (2) make a copy of this policy and other relevant policies available to the complainant. In those circumstances in which informal procedures fail or are inappropriate or in which the complainant requests formal procedures, the complaints will be investigated promptly, impartially and thoroughly according to the follow procedure.

### B. DEFINITIONS

1. Alleged Perpetrator

   The alleged perpetrator is the individual alleged to have discriminated against, harassed or bullied the complainant.

2. Complainant

   The complainant is the individual complaining of being discriminated against, harassed or bullied.

3. Days

   Days are the working days, exclusive of Saturdays, Sundays, vacation days or holidays, as set forth in the school calendar. In counting days, the first day will be the first full working day following receipt of the complaint. When a complaint is submitted on or after May 1, time limits will consist of all weekdays

(Monday-Friday) so that the matter may be resolved before the close of the school term or as soon thereafter as possible.

4.    Investigator

The investigator is the school official responsible for investigating and responding to the complaint.

## C.    TIMELINESS OF PROCESS --*POLICY CODE:*  1720/4015/7225

The number of days indicated at each step of the process should be considered a maximum.  Every effort should be made to expedite the process.

If any school official charged with investigating the complaint or reviewing the investigation fails at any step in the process to communicate a decision within the specified time limit, the complainant will be entitled to appeal the complaint to the next step unless the official has notified the complainant of the delay and the reason for the delay, such as the complexity of the investigation, review of the report.  The school official shall make reasonable efforts to keep the complainant apprised of progress being made during any period of delay.  Delays that interfere with the exercise of any legal rights are not permitted.

Failure by the complainant at any step in the process to appeal a complaint to the next step within the specified time limit will be considered acceptance of the decision at that step, unless the complainant has notified the investigator of a delay and the reason for the delay and the investigator has consented in writing to the delay.

## D.    GENERAL REQUIREMENTS

2.  No reprisal or retaliation of any kind will be taken by the board or by an employee of the school system against the complainant or other individual on account of his or her filing a complaint or participating in an investigation of a complaint filed and decided pursuant to this policy, unless the complainant or participating individual reporting the alleged discrimination, harassment or bullying knows or has reason to believe that the report is false or knowingly provides false information.

3.  All meetings and hearing conducted pursuant to this policy will be private.

4. The board and school system officials will consider requests to hear complaints from a group, but the board and officials have the discretion to hear and respond to complaints individually.

5. The complainant may be represented by an advocate, such as an attorney, at any meeting with school system officials.

6. Should, in the judgment of the superintendent or designee, the investigation or processing of a complaint require that an employee be absent from regular work assignments, such absences shall be excused without loss of pay or benefits. This shall not prevent the superintendent or designee from suspending the alleged perpetrator without pay during the course of the investigation.

## E. PROCESS FOR ADDRESSING COMPLAINTS

1. Reporting Alleged Incident of Discrimination, Harassment or Bullying

   a. Any individual, who believes that he or she has been discriminated against, harassed or bullied is strongly encouraged to file a complaint. A victim does not need to report the incident, however, in order to trigger an investigation of suspected discrimination, bullying or harassment by school officials. Any employee who witnessed or who has reliable information or reason to believe that an individual may have been discriminated against, harassed or bullied in violation of policy 1710/4021/7230 must report the offense immediately. An employee who does not promptly report possible discrimination, harassment or bullying shall be subject to disciplinary action. All members of the school community including students, parents, volunteers and visitors are also strongly encouraged to report any act that may constitute an incident of discrimination, harassment or bullying.

   b. Individuals should file complaints of discrimination, harassment or bullying orally or in writing to any of the following individuals:

      i. the principal or assistant principal of the school at which either the alleged perpetrator or alleged victim attends or is employed:

      ii. an immediate supervisor if the individual reporting is an employee;

      iii. the assistant superintendent of human resources of the alleged perpetrator or alleged victim is an employee of the school system (or the superintendent if the assistant superintendent of human resources is the alleged perpetrator);

iv. the Title IX coordinator for claims of sex discrimination or sexual harassment; or

v. the Section 504 coordinator of the ADA coordinator for claims of discrimination on the basis of a disability.

f. A complaint should be filed as soon as possible but no later than 30 days after disclosure or discovery of the facts giving rise to the complaint. Complaints submitted after the 30-day period will be investigated; however, individuals should recognize the delays in reporting may significantly impair the ability of school officials to investigate and respond effectively to such complaints.

g. Reports of discrimination, harassment or bullying may be made anonymously but formal disciplinary action may not be taken solely on the basis of an anonymous report.

8. Responding to the Complaint

a. Whoever receives a complaint of discrimination, harassment or bullying shall immediately notify the appropriate investigator who shall respond to the complaint and investigate. The investigator of a complaint is determined as follows:

i. If the alleged incident occurred under the jurisdiction of the principal, the investigator is the principal or designee, unless the alleged perpetrator is the principal, the assistant superintendent or human resources, the superintendent or a member of the board. If the alleged perpetrator is any other employee, the principal or designee shall conduct the investigation in consultation with the assistant superintendent of human resources or designee.

ii. If the alleged perpetrator is the principal, the assistant superintendent of human resources or designee is the investigator.

iii. If the allege incident occurred outside of the jurisdiction of a principal (for example, at the central office), the assistant superintendent of human resources or designee is the investigator unless the alleged perpetrator is the assistant superintendent of human resources, the superintendent or a member of the board.

iv. If the alleged perpetrator is the assistant superintendent for human resources, the superintendent or designee is the investigator.

      v.    If the alleged perpetrator is the superintendent, the board attorney is the investigator. (In such cases, whoever receives a complaint of discrimination, harassment or bullying shall immediately notify the assistant superintendent of human resources who shall immediately notify the board chair. The board chair shall direct the board attorney to respond to the complaint and investigate.)

      vi.    If the alleged perpetrator is a member of the board, the board attorney is the investigator. (In such cases, whoever receives a complaint of discrimination, harassment or bullying shall immediately notify the superintendent who shall direct the board attorney to respond to the complaint and investigate. Unless the board chair is the alleged perpetrator, the superintendent shall also notify the board chair of the complaint.)

g.  As applicable, the investigator shall immediately notify the Title IX, Section 504 or ADA coordinator of the complaint.

h.  The investigator shall explain the process of the investigation to the complainant and inquires as to whether the complainant would like to suggest a course of corrective action.

i.  Written documentation of all reports and complaints, as well as the school system's response, must be maintained in accordance with policy 1710/4021/7230.

j.  Failure to investigate and/or address claims of discrimination, harassment or bullying shall result in disciplinary action.

3.  Conducting the Investigation

a.  The investigator is responsible for determining whether an alleged act constitutes a violation of policy 1710/4021/7230. In so doing, the investigator shall impartially, promptly and thoroughly investigate the complaint. The investigator shall interview (1) the alleged victim of the discrimination, harassment or bullying; (2) the alleged perpetrator(s); and (3) any other individuals, including other possible victims, who may have relevant information.

b.  Information may be shared only with individuals who need the information in order to investigate and address the complaint appropriately. Any requests by the complainant for confidentiality shall be evaluated within the context of the legal responsibilities of the school system. Any complaints withdrawn to protect confidentiality must be recorded in accordance with policy 1710/4021/7230.

c. The investigator shall review the factual information gathered through the investigation to determine whether the alleged conduct constitutes discrimination, harassment or bullying, giving consideration to all factual information, the context in which the alleged incidents occurred, the age and maturity of the complainant and perpetrator(s), and any other relevant circumstances.

4. Investigator's Report

a. The investigator shall make a written report of the findings of the investigation.

b. The investigator shall notify the complainant of the results of the investigation within 15 days of receiving the complaint, unless additional time is necessary to conduct an impartial, thorough investigation. The investigator shall specify whether the complaint was substantiated and, if so, shall also specify:

i. reasonable, timely, age-appropriate, effective corrective action intended to end the discrimination, harassment or bullying and prevent it from recurring:

ii. as needed, reasonable steps to address the effects of the discrimination, harassment or bullying on the complainant; and

iii. as needed, reasonable steps to protect the complainant from retaliation as a result of communicating the complaint.

d. Information regarding specific disciplinary action imposed on the alleged perpetrator(s) will not be given to the complainant unless the information relates directly to the complainant (e.g., an order requiring the perpetrator not to have contact with the complainant).

e. The investigator shall submit the full report and investigative findings to the superintendent and, as applicable, to the Title IX, Section 504 or ADA coordinator.

f. If the investigator determines that the complaint was substantiated, the perpetrator(s) shall be subject to the discipline or other corrective steps, as described in policy 1710/4021/7230. If the corrective steps involve actions outside the scope of the investigator's authority, the superintendent will be notified so that responsibility for taking the corrective steps may be delegated to the appropriate individual.

g. Each alleged perpetrator will be provided with a written summary of the results of the investigation in regard to whether the complaint was substantiated, whether the alleged perpetrator violated relevant law or board policies by his or her actions, and what, if any, disciplinary actions or consequences will be imposed upon the alleged perpetrator in accordance with board policy. The alleged perpetrator may appeal any disciplinary action or consequence in accordance with board policy and law. However, an appeal by the alleged perpetrator of disciplinary action does not preclude school officials from taking appropriate action to address the alleged discrimination, harassment or bullying.

5. Appeal of Investigator's Report
a. If the complainant is dissatisfied with the investigator's report, he or she may appeal the decision to the superintendent (unless the alleged perpetrator is the assistant superintendent for human resources or the superintendent, in which cases the complainant may appeal directly to the board in accordance with the procedure describe in subsection E.5.b below). The appeal must be submitted in writing within five days of receiving the investigator's report. The superintendent may review the documents, conduct any further investigation necessary or take any other steps the superintendent determines to be appropriate in order to respond to the complaint. The superintendent shall provide a written response within 10 days after receiving the appeal, unless further investigation is needed.

b. If the complainant is dissatisfied with the superintendent's response, he or she may appeal the decision to the board within five days of receiving the superintendent's response. The board will review the documents, direct that further investigation be conducted if necessary and take any other steps that the board determines to be appropriated in order to respond to the complaint. Upon request of the complainant, the board will hold a hearing pursuant to policy 2500, Hearings Before the Board. The board will provide a written response within 30 days after receiving the appeal, unless further investigation is necessary of the hearing necessitates that more time be taken to respond.

F. **RECORDS**

Records will be maintained as required by policy 1710/4012/7230.

Legal References: Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.*; Americans With Disabilities Act, 42 U.S.C. 12101 *et seq.*, 28 C.F.R. pt. 35; Family Educational Rights and Privacy Act, 20 U.S.C. 1232g: Rehabilitation Act of 1973, 29 U.S.C. 705(20), 794, 34 C.F.R. pt. 104; Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d *et seq.*, 34 C.F.R. pt. 100; Title Vii of the Civil Rights Act of 1964, 42 U>S.C. 2000e *et seq.*, 29 C.F.R. pt. 1604; Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.*, 34 C.F.R. pt. 106:

*Racial Incidents and Harassment Against Students at Education Institutions: Investigative Guidance*, U.S. Department of Education, Office for Civil Rights (1994); *Revised Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students or Third Parties*, U.S. Department of Education, Office of Civil Rights (2001); *Gebser v. Lago Vista Independent School District,* 524 U.S. 274 1998); Davis v. Monroe County Board of Education, 526 U.S. 629 (1999);
G.S. 115C-407.10; State Board of Education Policy HRS-A-007

Cross References: Prohibition Against Discrimination, Harassment and Bullying (policy 1710/4021/7230), Student and Parent Grievance Procedure (policy 1740/4010), Hearings Before the Board (policy 2500), Assaults, Threats and Harassment (policy 4331)

Issued:

Revised: September 24, 1999; June 30, 2008; October 31, 2009